On June 26, 1998, the Stark County Grand Jury indicted appellant, James N. Massey, on one count of rape in violation of R.C. 2907.02. Said charge arose from an incident involving a seventeen year old girl, Matika Sue Brown.
A jury trial commenced on August 19, 1998. The jury found appellant guilty as charged. By judgment entries filed August 26, 1998, the trial court sentenced appellant to ten years in prison, and classified appellant as a sexual predator.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE IMPOSITION OF A THE MAXIMUM SENTENCE FOR A SINGLE OFFENSE OF RAPE PURSUANT TO R.C. § 907.92(A)(2) WHERE THE OFFENDER PREVIOUSLY HAS NOT SERVED A PRISON TERM IS NOT SUPPORTED BY THE RECORD AND/OR IS CONTRARY TO LAW.
II
 THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S CLASSIFICATION OF APPELLANT AS A SEXUAL PREDATOR PURSUANT TO R.C. § 950.09.
 I
Appellant claims the trial court erred in imposing the maximum sentence for his rape conviction. We disagree.
Under R.C. 2953.08(G), this court "may increase, reduce, or otherwise modify a sentence" or "may vacate the sentence and remand the matter to the trial court" if we find by clear and convincing evidence the record does not support the sentence or is contrary to law.
R.C. 2929.14(B) and (C) govern basic prison terms and state as follows:
 (B) Except as provided in division (C), (D)(2), (D)(3), or (G) of this section, in section 2907.02
of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 (C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
Appellant argues although the trial court went to great lengths to explain its sentence, the record does not support the sentence because he has not previously served a prison term, imposition of the minimum sentence would not demean the seriousness of the offense and the crime was not the worst form of the offense of rape.
The language "the worst forms of the offense" in R.C.2929.14(C) has been discussed by our brethren from the Fourth District in State v. Patterson (1998), Washington App. No. 97CA28, unreported. In Patterson at 4, the court stated "[t]he word 'form' is phrased in the plural here and, thus, the statute recognizes that there is not just a single form of any offense that is the worst, but that more than one situation may be one of the worst forms of the offense."
During sentencing, the trial court found the offense subjudice was in fact "the worst form":
 The Court finds that the facts of this case can best be described as, as the classic case of rape. This is a case in which the defendant in this case was at the location for, what the Court found or lack of founding, no apparent reason. The area in concern is a residential area. The only commercial business in that area is a, ah, convenient mart located, ah, maybe 50 yards from the location of this particular bridge where the incident occurred. Other than that, there is no other retail area in that area, no other reason for this defendant to be in this area. It is a residential area, from the top of that hill through and including the other side of this park.
 The victim in this case was a 17 year old young lady who lived and was born and raised in that particular area and used this lane of travel between her friends in the Skyland Terrace area and her residence, as was the custom of a number of individuals in that neighborhood. The point of that is that this is a well-traveled path of residents into a neighborhood who have a right to feel secure in their neighborhood and who we hope do feel secure in the neighborhood.
 That this defendant appears, to the Court, to have waited on this bridge for the sole purpose of waiting for an individual to come by in which he could perpetrate this crime.
 The victim, as indicated, is 17 years old, is 5 foot 2, weights 104 pounds.
 This defendant is well over 6 feet tall and his weight is probably in excess of 150 pounds.
 As this individual passed in front of him, he followed her, he stalked her, he grabbed her and he threw her into the bushes and he commenced the rape and violated her, ah, in that manner.
 The Court finds that the facts of this case indicate that there is no worse violation of the elements of that crime, he held her mouth, he threatened to kill her, he used force against her, he ordered her to do certain acts, and, in fact, was so engaged in his conduct that he failed to even perceive that he was being observed by other individuals and gave it short shift.
T. at 307-309.
This narrative is supported by the evidence presented at trial. We find a young, diminutive girl purposefully followed at night, pursued through a park as she screamed for help and attempted to flee to safety, grabbed around the neck and dragged to the woods with appellant's hands around her neck, pressing down into her throat, told she is "dead", hit in the head and penetrated is indeed the classic rape scenario. T. at 142-159. The fear of being chased at night and physically accosted and raped is the worst nightmare of rape for a young girl or any woman who must be out on her own. Others may argue with this prospective citing to more heinous offenses but those do not diminish the nature of this crime.
We are reminded that trial court's were historically given broad discretion in sentencing as long as the statutory scheme was not violated. This remains true even under the new sentencing guidelines:
 As a final matter, we would note that trial courts have historically enjoyed broad discretion in sentencing so long as the sentence imposed is within the statutorily prescribed limits. * * * The same is true even under the new sentencing guidelines provided that the appropriate statutory procedure is followed. * * * Therefore, this Court will not reverse its decision to impose the maximum sentence absent a showing of an abuse of discretion. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. * * * It means that the result is so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. * * * Moreover, in applying this standard, reviewing courts are cautioned not to merely substitute their own judgment for that of the trial court. * * * (Citations omitted.)
 Patterson at 5.
Upon review, we find the sentence is supported by clear and convincing evidence and to impose the maximum was not an abuse of discretion.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in classifying him as a sexual predator under R.C. 2950.09(B). We disagree.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offense;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The determination must be supported by clear and convincing evidence. R.C. 2950.09(B)(3). Clear and convincing evidence is defined as more than a mere preponderance but not to the extent of such certainty as required in proof beyond a reasonable doubt. Clear and convincing evidence is evidence which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. See,Cross v. Ledford (1954), 161 Ohio St. 469.
Appellant argues the sexual predator statute does not mandate that everyone convicted of rape is per se a sexual predator. No other evidence other than the trial testimony was presented nor was any evidence offered by appellant. Defense counsel's request for a psychological evaluation of appellant to challenge the classification under R.C. 2950.09(B)(2) was denied by the trial court.
At the sexual predator phase, the trial court incorporated the same findings from the sentencing phase citedsupra. T. at 314-315. The trial court referenced the victim's age (seventeen), appellant's use of force (grabbing the victim by the throat), appellant's use of cruelty (threatening the victim) and the victim's size as specific factors delineated in the statute. T. at 308-309.
The statute does not define what "predator" means. By any common sense definition, it means someone who "preys, destroys, or devours * * * an animal that lives by predation." Webster's Ninth New Collegiate Dictionary (1991) 926. The crime of rapesub judice was a crime of waiting for "prey" to come along a darkened path or lying in wait for a victim. Although appellant had no previous felony convictions or sexual offenses, we nonetheless find the very offense itself is clear and convincing evidence that appellant should be classified as a sexual predator.
Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J. and Edwards, J. concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
---------------------------
---------------------------
 --------------------------- JUDGES